# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
August 31, 2012

No. 12-50137
Summary Calendar

Lyle W. Cayce
Clerk

AURELIA NELMS,

Plaintiff-Appellant,

v.

JEAN MADSEN KRAMER, as Executor of the Estate of Anna Louise
Madsen,

Defendant-Appellee.

Appeal from the United States District Court
for the Western District of Texas, San Antonio
5:10-CV-627

Before REAVLEY, JOLLY, and DAVIS, Circuit Judges..

PER CURIAM:[*]

The appellant, Aurelia Nelms, challenges the district court's rejection of her action under the Fair Labor Standards Act for overtime pay. The district court concluded that because Mrs. Nelms's work was as a domestic service employee to provide companionship service to 90 year old Mrs. Anna Louise Madsen during the last two years of her life, plaintiff was exempt from

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

entitlement to overtime pay.  Appellant contended that the exemption did not apply to her because more than 20 percent of her time was spent on general household work unrelated to the care of the client.  We conclude that the district court did not clearly err in its findings rejecting plaintiff's contention that the exemption did not apply to her.

The only question in this case is whether the district court correctly concluded that plaintiff's services fell within the companionship service exemption provided for in 29 U.S.C. § 213(a)(15).[1]

The Department of Labor's regulation implementing this provision provides:

> [T]he term companionship services shall mean those services which provide fellowship, care and protection for a person who, because of advanced age or physical or mental infirmity, cannot care for his or her own needs.  Such services may include household work related to the care of the aged or infirm person such as meal preparation, bed making, washing of clothes, and other similar services.  They may also include the performance of general household work: Provided, however, That such work is incidental, i.e., does not exceed 20 percent of the total weekly hours worked . . ..[2]

The trial testimony and other evidence focused on the extent of the general household work Mrs. Nelms provided that was unrelated to her companionship to Mrs. Madsen and whether that work exceeded the 20 percent permitted by the regulation.

The time relevant to this suit is May 2008 until Mrs. Madsen's death in May of 2010.  Sometime before May of 2008, Ms. Nelms terminated her

---

[1] "(15) any employee employed on a casual basis in domestic service employment to provide babysitting services or any employee employed in domestic service employment to provide companionship services for individuals who (because of age or infirmity) are unable to care for themselves (as such terms are defined and delimited by regulations of the Secretary);" 29 U.S.C. § 213(a)(15).

[2] 29 C.F.R. § 552.6.

No. 12-50137

employment with Mrs. Madsen because Nelms did not want to perform duties for Madsen's visiting family members. Nelms then agreed to return to work for Madsen on the condition that she did not have to cook for or clean after visiting family members. This was incorporated in her contract. Beginning in May of 2008 Nelms earned $20 per hour and beginning in January of 2008 Nelms was advanced to $25 per hour. From May 2008 until Madsen's death in April 2010 Nelms earned a total of $231,230.

The evidence was conflicting with respect to the amount of general household work Nelms performed that was unrelated to her companionship with and care of Mrs. Madsen. She testified that despite her agreement to the contrary the Madsen children called upon her to do considerable work for them when they came to visit. She also testified that she spent considerable time maintaining Mrs. Madsen's two vehicles. She also testified that she spent approximately 15 hours per week performing heavy cleaning of all parts of the home not frequented by Mrs. Madsen. She cleaned the oven and refrigerator; she cleaned the garage and swept the driveway. When the family members came to visit she testified that she spent extra hours cooking and baking for the family and the other staff in addition to her work for Mrs. Madsen.

The members of the family contradicted this testimony and testified that she spent little or no time on duties unrelated to her care of Mrs. Madsen. They testified that at most she would cook breakfast for them but she did not clean any parts of the house other than the kitchen and the other portions of the house Mrs. Madsen occupied. Evidence of credit card receipts showing the cost of food purchased at restaurants daily for Mrs. Madsen were introduced to refute plaintiff's testimony about the extent of her cooking.

After a careful review of the record we are persuaded that the evidence fully supports the district court's finding that plaintiff did not spend more than 20 percent of her time on general household work. The testimony was conflicting

No. 12-50137

but credibility calls are for the district court to make.  Because the district court did not clearly err in its findings, we affirm its judgment.

AFFIRMED.